UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | **1:16-cv-121 GSA**<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY AGAINST PLAINTIFF GREG MORENO** |

## I. **INTRODUCTION**

Plaintiff Greg Moreno ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. The matter

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill in now the acting Commissioner of Social Security.

1

is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 11, 17, and 18). Upon a review of the entire record, the Court finds that the ALJ applied the proper standards and the decision is supported by substantial evidence. Accordingly, the Court affirms the agency's determination to deny benefits and therefore denies Plaintiff's appeal.

## II. FACTS AND PRIOR PROCEEDINGS[3]

### A. Background

On September 3, 2013, Plaintiff filed an application for DIB alleging disability beginning June 26, 2011, due to Post Traumatic Stress Disorder ("PTSD"), diabetes, knee cartilage deterioration, sleep apnea, shoulder and elbow injuries, and difficulty keeping balance. AR 17; 142; 384-392. After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 143. ALJ Sharon Madsen held a hearing on May 12, 2014 (AR 36-77), and issued an order denying benefits on June 6, 2014. AR 140-158. Plaintiff subsequently filed an appeal with the Appeals Council on June 23, 2014. AR 244-251. On August 19, 2014, the Appeals Council vacated the ALJ's decision and issued an order of remand. AR 159-164. On December 16, 2014, another hearing was held before ALJ Madsen pursuant to the remand order. AR 78-110. Plaintiff testified and was represented by counsel. *Id*. Vocational Expert ("VE") Cheryl Chandler also testified. *Id*.

On February 20, 2015, ALJ Madsen issued a second decision once again denying Plaintiff's application. AR 12-35. Plaintiff filed an appeal with the Appeals Council. AR 8-11. On November 23, 2015, the appeal was denied, rendering the ALJ's decision the final decision of the Commissioner. AR 5-9. Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 4, 6, and 13).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

**B. The Disability Standard**

To qualify for disability benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
> 42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1520(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1513.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)(4).

**C.     Summary of the ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the

ALJ determined that Plaintiff did not meet the disability standard. AR 15-28. More particularly, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2017, and had not engaged in substantial gainful activity since May 1, 2013, the alleged date of onset. AR 17. Further, the ALJ identified the following severe impairments: bilateral knee meniscus tears, status post arthroscopy, and mild degenerative joint disease; bilateral shoulder impingement, "status post Mumford procedures;" lumbar degenerative disc disease and strain; thoracic degenerative disc disease; cervical degenerative disc disease and strain; obesity; a history of carpal tunnel syndrome; a history of left cubital tunnel syndrome; diabetes mellitus type II with peripheral neuropathy; major depression; and alcohol abuse. AR 19. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 21.

The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work as follows:

> The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk 2 hours in an 8-hour workday, and sit 6-8 hours in an 8-hour workday. He is able to occasionally climb kneel, crouch, crawl, and stoop. The claimant is able to occasionally reach overhead with his bilateral arms, and occasionally engage in forceful gripping and grasping with his left hand. He requires a cane for ambulation. The clamant is capable of performing simple routine tasks, with occasional contact with the public. AR 19.

At step four, the ALJ relied on the VE's testimony and found that Plaintiff was not able to perform his past work as an elementary substitute teacher, clerk, survival specialist, recruiter, or administrative assistant. AR 27. However, at step five, she found that Plaintiff is capable of performing work as an assembler (Dictionary of Occupational Titles ("DOT" 734.687-018), an

4

ampoule sealer (DOT 559.687-014), and a nut sorter (DOT 521.687-086).[4] AR 28. Accordingly, the ALJ found that Plaintiff was not disabled. AR 28.

### D. The Issue Presented

Plaintiff challenges the ALJ's decision arguing that the RFC precludes his ability to perform the identified jobs. He contends that although the VE testified that the recommended jobs were consistent with the DOT, they were not. Specifically, Plaintiff argues that the DOT requires constant reaching for an assembler and ampoule sealer, and frequent reaching for a nut sorter. The Department of Labor describes reaching as, "extending hands and arms in any direction. *See*, the *Revised Handbook for Analyzing Jobs* (HAJ) 1991. Since Plaintiff is limited to only *occasional* overhead reaching bilaterally (as opposed to constant or frequent), he argues that the VE erroneously stated that the jobs were consistent with the DOT. When there was an inconsistency between the VE's testimony and the DOT, an ALJ is required to address the discrepancy. The ALJ did not do so, and as a result, Plaintiff contends that the ALJ incorrectly concluded that Plaintiff could perform these jobs. (Doc. 11, pgs. 8-15; Doc. 18, pgs. 3-7).

Defendant argues that the Plaintiff waived this argument because his attorney did not raise any inconsistency at the hearing. Moreover, the Commissioner contends that there is no apparent conflict between the VE's testimony and the DOT's definition of these jobs. Accordingly, the ALJ did not err in failing to address this issue. Moreover, the Commissioner contends that the ALJ and the VE considered all the limitations outlined in Plaintiff's RFC and properly determined Plaintiff could work as an assembler, an ampoule sealer, and a nut sorter. (Doc. 17, pgs. 4-8).

### III. STANDARD OF REVIEW

---

[4] It is noted that the ALJ and the VE incorrectly identified the DOT number for a nut sorter as DOT 921.687-086 (AR 28), however, the correct number is DOT 521.687-086. This Court has cited the correct DOT number (521.687-086) in order to avoid future confusion.

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## IV. DISCUSSION

### A. The ALJ's Did Not Err at Step Five.

#### 1. Waiver

Defendant first contends that plaintiff "waived his argument because he had an attorney at the hearing, yet his attorney failed to inquire into this issue." (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)) ("at least when claimants are represented by counsel, they must raise all issues and evidence at the administrative hearings in order to preserve them on appeal"). (Doc. 17, pg. 4). However, the Court notes that after the ruling in *Meanel*, the Supreme Court held that issue exhaustion in addition to exhaustion of administrative remedies is not required in Social Security cases. The Court stated, "Claimants who exhaust administrative remedies need not also exhaust in a request for review by the Appeals Council in order to preserve judicial review of those issues" *Sims v. Apfel*, 120 S. Ct. 2080, 2086 (2000). Therefore, plaintiff's counsel's failure to question the VE about a potential conflict does not preclude plaintiff from raising it here. *See*, *Alba v. Berryhill*, 2017 WL 1290404 at *3 (C.D. Cal., April 3, 2017); *Garcia v. Berryhill*, 2017 WL 931875 at 4 (E.D. Cal., March 9, 2017) (failure to question VE regarding conflicts does not

result in waiver of issue); *Guido v. Colvin*, 2016 WL 6781152, at *4 (C.D. Cal. Nov. 15, 2016) (plaintiff's failure to challenge VE testimony as inconsistent at the time of the hearing did not waive the argument); *Gonzales v. Astrue*, 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012) (same). The court will therefore consider plaintiff's step five error claim.

### *2. Step Five*

If Plaintiff establishes that he is unable to perform his past work at step four, the burden shifts to the Commissioner at step five "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see also* 20 C.F.R. §§ 404.1560(g). At this stage, the ALJ first assesses a claimant's "residual functional capacity," which is defined as the most that a claimant can do despite "physical and mental limitations" caused by his impairments and related symptoms. 20 C.F.R. §§ 404.1545. The ALJ then considers potential occupations that the claimant may be able to perform. *See* 20 C.F.R. §§ 404.1566.

In making this step five determination, the ALJ may rely on the DOT and testimony from a VE to assess a claimant's ability to perform certain jobs in light of his residual functional capacity. 20 C.F.R. §§ 404.1566(e), 404.1569, 404.1566(d). *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). As part of this process, occupational information provided by a VE should generally be consistent with the DOT. SSR 00-04, 2000 WL 1898704, at *2, (Dec. 4, 2000). Furthermore, the ALJ must resolve any apparent conflict between the VE's testimony and the DOT before relying on the VE's testimony in support of a disability determination. *Id*; *Zavalin v. Colvin*, 778 F. 3d 842, 846 (9th Cir. 2015); *Massachi v. Astrue*, 486 F. 3d 1149, 1153-1154 (9th Cir. 2007). When there is an apparent unresolved conflict between the VE and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE to support a determination or decision about whether the claimant is disabled.

*Zavalin v. Colvin*, 778 F. 3d at 846; *Massachi*, 486 F. 3d at 1153. Neither the DOT nor the VE testimony automatically "trumps" when there is a conflict. *Id*. The adjudicator must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the DOT information. *Id*.

However, not all potential conflicts between a vocational expert's job suitability recommendation and the DOT will be apparent or obvious. *Gutierrez v. Colvin*, 844 F. 3d 804, 808 (9th Cir. 2016). In order for a difference between a VE's testimony and the DOT's listings to be fairly characterized as a conflict, it must be obvious or apparent. *Id.* This means that the testimony must be at odds with the DOT's listing of job requirements that are essential, integral, or expected. *Id*. Where the job itself is a familiar one, less scrutiny by the ALJ is required. *Id*. Thus, an ALJ must ask follow up questions of a vocational expert only when the expert's testimony is either obviously or apparently contrary to the DOT. However, the obligation doesn't extend to unlikely situations or circumstances. *Id*. Thus, the requirement for an ALJ to ask follow up questions to determine if an actual conflict exists is fact-dependent.

### 3. *The Jobs at Issue*

Here, the ALJ included the occasional bilateral overhead reaching limitation in the hypothetical posed to the VE. AR 106-108. The VE did not acknowledge any conflict with DOT and testified that Plaintiff could work as an ampoule sealer, an assembler, and a nut sorter. *Id*. However, as explained above, an ALJ's duty to inquire about a conflict between the DOT and a VE's testimony is fact specific and is only required when it is either obviously or apparently contrary to the DOT – the obligation doesn't extend to unlikely situations or circumstances. *Gutierrez*, 844 F.3d at 808. In fact, when contemplating the exact issue of whether frequent reaching would include overhead reaching, the Ninth Circuit examined "whether overhead reaching is such a common and obvious part of cashiering (the job at issue in that case), that the

ALJ should have recognized a conflict and questioned the expert more closely before concluding that a Plaintiff with overhead reaching limitation in one arm could work as a cashier." *Id*. at 807. The Court concluded the conflict was not obvious and no further inquiry was required. *Id.* at 809. Thus, because this inquiry is fact-dependent, it is necessary to examine the duties of each of the jobs in this case.

The job description for an ampoule sealer is as follows:

Seals ampoules filled with liquid drug products, preparatory to packaging: Rotates neck of ampoule in flame of bunsen burner to melt glass. Grips tip of ampoule, using tweezers, and draws tip away from neck to seal ampoule as glass hardens. Places sealed ampoule in basket for sterilization and inspection. May hold unsealed ampoule against jet of inert gas to displace air. May immerse sealed ampoules in dye bath to test for leaks. May tend machines that steam-wash and fill ampoules.
DOT 559.687-014

The job description of a nut sorter is as follows:

Removes defective nuts and foreign matter from bulk nut meats: Observes nut meats on conveyor belt, and picks out broken, shriveled, or wormy nuts and foreign matter, such as leaves and rocks. Places defective nuts and foreign matter into containers. May be designated according to kind of nut meat sorted as Almond Sorter (can. & preserv.); Peanut Sorter (can. & preserv.).
DOT 521.687-086

The job description for an assembler is

Inserts paper label in back of celluloid or metal advertising buttons and forces shaped stickpin under rim.
DOT 734.687-018

None of the duties of these jobs appear to require overhead reaching thereby making the conflict between the VE testimony and the DOT so apparent that the ALJ was required to ask additional questions. Although the Plaintiff has argued to the contrary and cites numerous district court cases in support of his position, these cases were decided prior to the Ninth Circuit's decision in *Gutierrez*.[5] (Doc. 11, pgs. 12-15). Although there has been ambiguity on this issue

---

[5] The Court gave Plaintiff the opportunity to provide supplemental briefing after Gutierrez was published, however, no additional pleadings were filed. (Docs. 19 and 20).

9

previously, *Gutierrez* clarified that this inquiry is fact-specific. Given the facts outlined above, the ALJ was entitled to rely on the VE's experience to account for these particular job requirements. SSR 00-04P, 2000 WL 1898704. Although Plaintiff's analysis differs, when the evidence is susceptible to more than one rational interpretation, the ALJ's findings must be upheld if they are supported by inferences reasonably drawn from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Accordingly, the ALJ properly determined that Plaintiff could work as an assembler, a nut sorter, and an ampoule sealer.

## V.  **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor Nancy A. Berryhill, Commissioner of Social Security and against Plaintiff Greg Moreno, and close this action.

IT IS SO ORDERED.

Dated:  **May 8, 2017**                          **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE